# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF VIRGINIA
### CHARLOTTESVILLE DIVISION

| | |
|---|---|
| LENARD THOMAS WITT,<br><br>                 *Plaintiff,*<br><br>   v.<br><br>LATITA TALBERT, *ET AL.*,<br><br>                *Defendants.* | CASE NO. 3:21-cv-00028<br><br>MEMORANDUM OPINION<br><br>JUDGE NORMAN K. MOON |

      Lenard Witt commenced this action against Latita Talbert, the City of Charlottesville, and the supervisor of "Cat" Downtown Transit Bus Station by filing a *pro se* complaint as well as an application to proceed *in forma pauperis*, both filed on August 11, 2021. Dkts. 1, 2. The Court will grant the application to proceed *in forma pauperis* but dismiss the Complaint without prejudice.

      Witt's complaint alleges constitutional rights violations in connection with a protective order that prevents him from using the public bus in downtown Charlottesville. Dkt. 2. But the order has nothing to do with the bus. Rather, the protective order prohibits Witt from coming into contact with his ex-girlfriend, Latita Talbert. *Id*. Because Talbert is employed as a city bus driver, the order prevents Witt from boarding her bus. *Id*.

      The complaint fails to state a plausible claim on which relief may be granted. Courts are to construe the filings of *pro se* litigants liberally, *Haines v. Kerner*, 404 U.S. 519, 520 (1970), but nonetheless, a *pro se* complaint must state a plausible claim. *See* 28 U.S.C. § 1915(e)(2)(B)(ii) (applicable to proceedings *in forma pauperis*); *Michau v. Charleston Cty.*, 434 F.3d 725, 728 (4th Cir. 2006) (stating that 28 U.S.C. § 1915(e) governs *in forma pauperis* filings,

as well as complaints filed by prisoners, and permits district courts to sua sponte dismiss *in forma pauperis* complaints that are frivolous, malicious, or fail to state a claim). Even accepting Plaintiff's factual allegations as true, which we must, *Chao v. Rivendell Woods, Inc.*, 415 F.3d 342, 346 (4th Cir. 2005), the Court has not found any constitutional violation applicable to Plaintiff's predicament.

While Plaintiff may have a protected property interest in access to Charlottesville's public bus system, *see Brown v. Metropolitan Tulsa Transit Authority*, 588 Fed.Appx. 849, 849 (10th Cir. 2014), Plaintiff has not alleged that he was denied due process before being deprived of that interest. *Cf. Matthews v. Eldridge*, 424 U.S. 319, 332–34 (1976) (discussing the kind of procedures required to satisfy due process when a protected property interest is affected). The record reflects that Plaintiff was afforded a hearing on the matter of the protective order, Dkt. 2, Ex. 6, and that he has a currently pending appeal. Dkt. 2, Ex. 7.

Plaintiff's application to proceed *in forma pauperis*, Dkt. 1, is **GRANTED**. But Plaintiff's Complaint, Dkt. 2, is **DISMISSED without prejudice**.

The Clerk of Court is directed to send a certified copy of this Order to Plaintiff.

Entered this 13th day of October, 2021.

NORMAN K. MOON
SENIOR UNITED STATES DISTRICT JUDGE